IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JUSTIN MATTHEW GUYNN**                                                          **PLAINTIFF**

**v.**                                                          **CIVIL NO. 1:21-cv-75-HSO-JCG**

**JACKSON COUNTY ADC, et al.**                                              **DEFENDANTS**

### ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. After consideration of the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice.

I.   BACKGROUND

Pro se Plaintiff Justin Matthew Guynn ("Plaintiff"), an inmate of the Jackson County Adult Detention Center ("ADC") in Pascagoula, Mississippi, filed this civil action pursuant to 42 U.S.C. § 1983, Compl. [1] at 2, and seeks leave to proceed *in forma pauperis*. Mot. [3].

On April 27, 2021, the Magistrate Judge entered an Order [5] advising Plaintiff of certain provisions of the Prison Litigation Reform Act ("PLRA") and Section 47-5-138 of the Mississippi Code of 1972, for Plaintiff's consideration in determining whether to proceed with this case. Order [5] at 1; PLRA of 1995, 28 U.S.C. § 1915 (*in forma pauperis* provisions); 28 U.S.C. § 1932 (revocation of earned release credit). The Order [5] required Plaintiff to file an Acknowledgment of Receipt or a Notice of Voluntary Dismissal within 30 days. Order [5] at 1. The Order [5] warned Plaintiff that failure to timely comply

with the requirements of the Order or failure to advise this Court of a change of address may result in the dismissal of his Complaint. *Id*. at 2. The envelope [6] containing the Order [5] was returned by the postal service stating, "Return to Sender; Refused; Unable to Forward," and included a handwritten notation reading, "No Longer Here." Ret. Mail [6] at 1. Plaintiff did not respond to the Order [5] or otherwise contact the Court about his case.

On June 10, 2021, the Magistrate Judge entered an Order to Show Cause [8] which directed that, on or before June 24, 2021, Plaintiff: (1) file a written response, showing cause why this case should not be dismissed for his failure to comply with the Court's previous Order [5]; and (2) comply with the Court's previous Order [5] by filing the required documentation. Order [8] at 1. Plaintiff was warned that "failure to advise this Court of a change of address or failure to fully comply with this Order in a timely manner will result in the dismissal of this case, without further notice to the Plaintiff." *Id*. at 2. Once again, the envelope [9] containing the Order to Show Cause [8] was returned by the postal service as undeliverable and included a handwritten notation reading, "No Longer Here." Ret. Mail [9] at 1. Plaintiff did not respond to the Order to Show Cause [8], and has not otherwise contacted the Court about his case since April 26, 2021.

Since Plaintiff is proceeding pro se and out of an abundance of caution, he was provided a final opportunity to comply with the Court's Orders [5],[8]. On July 8, 2021, the Magistrate Judge entered a Final Order to Show Cause [10]

which directed that, on or before July 22, 2021, Plaintiff: (1) file a written response showing cause why this case should not be dismissed for his failure to comply with the Court's previous Orders; and (2) comply with the Court's previous Orders.  Order [10] at 1-2.  The Final Order to Show Cause also warned Plaintiff that "**failure to advise this Court of a change of address or failure to fully comply with this Order in a timely manner will result in the dismissal of this case, without further notice to the Plaintiff**."  *Id.* at 2 (emphasis in original).  The envelope [11] containing the Final Order to Show Cause [10] was returned by the postal service stating, "Return to Sender; Attempted – Not Known; Unable to Forward," and included a handwritten notation reading, "No Longer Here."  Ret. Mail [11] at 1.  Plaintiff did not respond to the Final Order to Show Cause [10] or otherwise contact the Court about his case.

## II.  DISCUSSION

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte.  *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition

of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 630-31.

Plaintiff did not comply with three Court Orders or provide the Court with a current address after being warned five times that failing to do so would result in the dismissal of his lawsuit. *See* Final Order to Show Cause [10] at 2; Order to Show Cause [8] at 2; Order [5] at 2; Order [2] at 2; Not. of Assign. [1-1] at 1. Despite these warnings, Plaintiff has not contacted the Court or taken any action in the case since April 26, 2021. Such inaction represents a clear record of delay and contumacious conduct. It is apparent that Plaintiff no longer wishes to pursue this lawsuit. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but instead such efforts have proven futile. *See Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005). Dismissal without prejudice is warranted.

### III.   CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 11th day of August, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE